[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION FOR SUMMARY JUDGMENT ON WAIVER
On November 12, 1999, plaintiff, Flora Slauson commenced a three-count action against the defendants, White Water Mountain Resorts of Connecticut, Inc., White Water Mountain Resorts, Inc., and Powder Ridge Restaurant Corporation. The plaintiff alleges that an employee of the Powder Ridge Ski Resort while attempting to stop the rubber snow tube on which she was riding negligently landed on her and caused her physical injuries.
The defendants have filed an answer and special defenses to the plaintiff's complaint. In one of their special defenses the defendants claim that the plaintiff signed a waiver form that holds the defendants harmless for their alleged negligence. The defendants have filed a motion for summary judgment based upon the waiver.
Summary judgment provides a method to resolve litigation when all of the evidence presented shows both that there are no questions of material fact and that the moving party is entitled to judgment as a matter of law. See Miles v. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). The court should view the evidence presented in the light most favorable to the nonmoving party. See id., 386.
The defendants move for summary judgment on the ground that there are no issues of material fact and the defendants are entitled to judgment as a matter of law because the plaintiff signed a waiver holding the defendants harmless for any injuries which the plaintiff may have sustained while snow tubing. The plaintiff argues in opposition that because her injuries were not foreseeable, the waiver of liability does not cover the incident in question.
The Supreme Court has not decided whether a waiver of negligence claims by an adult participant in a sporting event are enforceable. "The law does not favor contract provisions which relieve a person from his own negligence." Griffin v. Nationwide Moving Storage Co., 187 Conn. 405,413, 446 A.2d 799 (1982). However, "[i]t is generally recognized that agreements exempting owners and operations of sports facilities from liability for negligence entered into with patrons of the facility are valid and enforceable against a patron." Bashura v. Strategy Plus Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 050871 (November 20, 1997, Corradino, J.) (21 Conn.L.Rptr. 59, CT Page 7084 61), see also Helbing v. Quinnipiac College, Superior Court, judicial district of New Haven at New Haven, Docket No. 396846 (August 6, 1999,Jones, J.) (25 Conn.L.Rptr. 236, 236).
There are two lines of reasoning as to what language must be included in sport facility waiver agreements to bar a negligence claim against the owner or its employees. See Bashura v. Strategy Plus Inc., supra,21 Conn.L.Rptr. 62 and cases cited therein. "Some courts require that specific language be included alerting the patron that he or she waives any claim for injury caused by the actual negligence of the facility operator. . . . Other courts disagree with this view. They take the position that exculpatory agreements must be strictly construed but hold that the word `negligence' need not be used; the operator of a sports facility can be protected by an agreement in which the patron releases the operator from `any claim.'" (Citations omitted; internal quotation marks omitted). Id.
This court takes the position as expressed in Bashura, supra that requires ". . . the exculpatory agreement to specifically alert the patron that he or she by signing the waiver is releasing the operator of the facility from injury caused by the operator's own negligence." Id at 62. Two reasons support this view. First, "[w]hat may be `common sense' to judges and lawyers who are used to interpreting the ambit of legal phrases is not necessarily obvious to the nonlawyer public who by signing these agreements give up valuable rights." Id., 63. Second, such a rule does not impose a great burden on the operator; small changes in liability waivers can now be made with a computer and a printer. Id.
In the present case, the release from liability does not include language specifically alerting the plaintiff that the agreement waives claims for the defendants own negligence. (See Defendants' motion, appendix C). Furthermore, the language of the waiver does not specifically include the words "I release (the operators) from (any particular) liability." This court finds that the alleged waiver language itself creates a question of material fact as to whether it immunizes the defendants from the allegedly negligent acts in question.
For the foregoing reasons, the Motion for Summary Judgment is denied.
Clarance J. Jones, Judge